```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

| | |
|---|---|
| **BLENNA MINOR and** | ) |
| **KENNETH MINOR,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 05-2511 Ma/P |
| | ) |
| **CITY OF MEMPHIS, et al.,** | ) |
| | ) |
| Defendants. | ) |

_____

### ORDER GRANTING IN PART AND DENYING IN PART CITY'S MOTIONS TO DISMISS
_____

Plaintiffs Blenna Minor and Kenneth Minor (the "Minors") bring suit under 42 U.S.C. § 1983 and the Tennessee Governmental Tort Liability Act ("TGTLA"), T.C.A. § 29-20-101, et seq, for alleged physical assaults by Memphis police officers. Defendant City of Memphis ("the City") filed a motion to dismiss on August 2, 2005. The Minors responded on September 2, 2005. The City filed additional motions to dismiss the Amended Complaint on August 30, 2005, and December 1, 2005. For the following reasons, the court GRANTS in part and DENIES in part the City's motions to dismiss.

**I. Background**

The complaint alleges the following facts. The Minors were in their home at 1618 Gabay Street in Memphis, Tennessee, on July 20, 2004.  (Am. Compl. at ¶ 8.) Memphis police officers knocked on

their door searching for Kenneth Minor, Jr. (Id.)  The Minors' daughter answered the door. (Am. Compl. at ¶ 9.)  After being informed that the men were policemen, she informed Mrs. Minor, who came to the door and explained that her son did not live there. Mrs. Minor offered to reach her son by telephone and left the room to call him.  (Am. Compl. at ¶ 11.) When Mrs. Minor returned, Mrs. Minor saw Mr. Minor arguing with the policemen. (Id.)

The policemen burst into the house with their guns drawn and ransacked the home. (Am. Compl. at ¶ 12.)  The policemen ripped through drawers and cabinets, punctured holes in the Minors' water bed, and overturned furniture.  Mrs. Minor told the policemen that they were upsetting her small children, and one police officer exclaimed, "fuck those little monkeys." The police officers referred to the Minors and the children as "niggers." (Am. Compl. at ¶ 13.)

The Minors' daughter called 911 during the ransacking, and more police officers were sent to the home. (Am. Compl. at ¶ 14.) Additional officers arrived at the home and battered, assaulted, and arrested Mr. Minor without reason. (Am. Compl. at ¶ 15.)  Mrs. Minor was thrown to the floor, handcuffed, kicked in the head, beaten, and arrested for no reason.  (Am. Compl. at ¶ 16.)  After Mrs. Minor had been restrained in handcuffs, she was sprayed with pepper spray. (Id.) Both Plaintiffs were taken to the Med and then jailed overnight.  (Am. Compl. at ¶ 18.)  The Minors were charged

with assault and resisting arrest. The charges were ultimately dismissed. (Am. Compl. at ¶ 19.)

**II. Jurisdiction**

Plaintiffs bring suit under § 1983 for violations of their Fourth and Fourteenth Amendment rights. This court, therefore, has jurisdiction under 28 U.S.C. § 1331.

**III. Motion to Dismiss Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the plaintiff's complaint "for failure to state a claim upon which relief can be granted." When considering a 12(b)(6) motion to dismiss, a court must treat all of the well-pleaded allegations of the complaint as true, Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992), and must construe all of the allegations in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (abrogated on other grounds). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

**IV. The City's Motion to Dismiss**

   **A. Section 1983 Claims**

The Minors' Amended Complaint alleges that the City is liable under 42 U.S.C. § 1983 for violating their right to be free from the use of excessive force under the Fourth and Fourteenth

3

Amendments to the U.S. Constitution.[1] A city can be held liable under § 1983 only if a plaintiff's constitutional rights were violated by the city's officials. Bukowski v. City of Akron, 326 F.3d 702, 712-13 (6th Cir. 2003). For purposes of a motion to dismiss, the facts alleged establish that the Minors may have been subjected to excessive force by city officials in violation of their constitutional rights.

Before a local governmental unit can be held liable for injuries under § 1983, "a plaintiff must show that his injuries were the result of some 'policy or custom' attributable to the governmental entity." Leach v. Shelby County Sheriff, 891 F.2d 1241, 1245 (6th Cir. 1989) (quoting Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690 (1978)). The governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation of constitutional rights. Kentucky v. Graham, 473 U.S. 159, 166 (1985).

There is no heightened pleading requirement in § 1983 actions. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). Nevertheless, courts "are required to accept only well pleaded facts as true, not the legal conclusions that may be alleged or that may be drawn from the pleaded facts ." Chapman v. City of Detroit, 808 F.2d 459, 465

---

[1] The court reads the Minors' Complaint as invoking the Fourteenth Amendment merely for the purpose of applying the Fourth Amendment's protections to actions by state governmental entities. See Wolf v. Colorado, 338 U.S. 25, 27-29 (1949) (overruled on other grounds).

(6th Cir. 1986) (internal citations omitted); see also Bilder v. City of Akron, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (dismissing a § 1983 claim against the municipality because Plaintiff alleged only the legal conclusions that the municipality 'negligently hired and trained' an assistant prosecutor, but offered "no fact or facts tending to support this allegation").

The Minors allege that the City failed to discipline and train its officers properly. Their complaint alleges that:

> [P]olicymakers failed to put a stop to or to correct a widespread pattern of unconstitutional conduct by its police officers and has failed to appropriately train, supervise or discipline its police officers which, as a result caused the Plaintiffs to suffer property damage, personal injury, extreme humiliation, embarrassment and psychological trauma as a result of the unlawful excessive force undertaken by the Municipal Defendant.

(Am. Compl. at ¶ 20.)

To establish the City's liability for failure to train its police officers, "the plaintiff must prove ... that the training program at issue is inadequate to the tasks that officers must perform; that the inadequacy is the result of the city's deliberate indifference; and that the inadequacy is 'closely related to' or 'actually caused' the plaintiff's injury." Hill v. McIntyre, 884 F.2d 271, 275 (6th Cir. 1989). The Minors allege that the City's training program for police officers is inadequate and that the City's failure to discipline officers for policy violations led to their injuries. (Am. Compl. at ¶ 22.) Thus, the Minors have alleged facts that, if true, support a claim for inadequate training and

5

disciplinary action against the City under the test in <u>Hill</u>. <u>See also</u> <u>Russo v. City of Cincinnati</u>, 953 F.2d 1036, 1046 (6th Cir. 1992)

The City argues that the Minors have not stated a claim for municipal liability because they allege only a single incident of misconduct. (City's Mem. in Supp. at 3.) In support of its position, the City cites <u>Chudzik v. City of Wilmington</u>, 809 F.Supp. 1142 (Del. 1992). In <u>Chudzik</u> the court stated:

> Plaintiffs have essentially alleged a single incident of misconduct by Officer Brown combined with general allegations that these activities are reflective of some nebulous official policy. Single incidents of misconduct, when joined with broad allegations of a policy or custom, do not give rise to liability for municipalities.

<u>Id.</u> at 1150.

<u>Chudzik</u> can be distinguished from this case in two ways. First, the court in <u>Chudzik</u> was deciding several motions for summary judgment, not motions to dismiss. Second, the Minors have alleged that it is the City's specific decision not to discipline its officers properly that led to their injuries. There is nothing "nebulous" about the Minors' allegation of inadequate training and discipline.

The Minors have stated a § 1983 claim against the City because they have alleged that the City's practice of inadequately training and disciplining its officer deprived them of their constitutional right to be free from the use of excessive force.

**B. Tennessee Governmental Tort Liability Act Claim**

Plaintiffs bring state law claims for assault, battery, negligence, emotional distress, and mental anguish. The City argues that this court should not exercise its jurisdiction over pendant or supplemental state court claims under the TGTLA. The Plaintiffs have asked that this court retain jurisdiction.

> [I]n any civil action of which the [federal] district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. §§ 1367(a). A district court "may decline to exercise supplemental jurisdiction over a claim ... if ... in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. §§ 1367(c)(4). Because the court is exercising jurisdiction over the federal claims and because the state law claims arise from the same facts, the court will exercise pendant jurisdiction over the state law claims.

As an initial matter, the City argues that the Minors' state law claims are barred because their Complaint does not plead the Tennessee Governmental Tort Liability Act (TGTLA), T.C.A. § 29-20-201, nor does it "affirmatively plead the City's waiver of

7

immunity pursuant to the act." (August 2, 2005 Mem. in Supp. of Motion to Dismiss at 3.)

Sovereign Immunity protects governmental entities from suit. The TGTLA waives governmental immunity from suit for any injury proximately caused by a negligent act or omission of any employee within the scope of his employment. Limbaugh v. Coffee Med. Ctr., 59 S.W.3d 73, 78 (Tenn. 2001) (citing T.C.A. § 29-20-205). To make out a claim under the TGTLA, a plaintiff must satisfy the act's notice requirements by affirmatively pleading the City's waiver of immunity under the act. See T.C.A. § 29-20-303 (stating that failure to comply with notice requirements of TGTLA constitutes a complete defense); see also Alexander v. Beale Street Blues Co., Inc., 108 F. Supp. 2d 934, 948 (W.D. Tenn. 1999) (finding that in order to bring a negligence claim against the City, plaintiffs were required to plead compliance with the TGTLA).

The City's motion to dismiss was filed before the Minors' Amended Complaint was filed.  Because the Minors affirmatively plead the City's waiver in their Amended Complaint, the City's argument is moot.

**1. Assault and Battery**

Under the TGTLA, governmental entities are not immune from suit for the intentional torts of assault and battery caused by their employees. See Limbaugh v. Coffee Medical Center, 59 S.W.3d

8

73, 83-84 (Tenn. 2001) (rejecting precedent that had interpreted T.C.A. § 29-20-105 as retaining immunity for assault and battery claims). A governmental entity is liable for the intentional torts committed by its employees "where the injuries at issue were proximately caused by its negligence in failing to exercise reasonable care to protect [Plaintiff] from the foreseeable risk of an employee's intentional [tort]." <u>Limbaugh</u>, 59 S.W.3d at 76. The Plaintiffs must allege not only that their injuries were foreseeable but also that the City failed to exercise reasonable care. The Minors allege that their beatings by City of Memphis police officers were intentional and foreseeable because the City failed to "put a stop to or correct a widespread pattern of unconstitutional conduct by its police officers and failed to appropriately train, supervise or discipline its police officers." (Am. Compl. at ¶ 20.)

   A policy of failing to train officers, if true, is a discretionary function that receives immunity from tort liability under T.C.A. § 29-20-205(2). "[D]iscretionary function immunity attaches to all conduct properly involving the balancing of policy considerations." <u>Bowers by Bowers v. City of Chattanooga</u>, 826 S.W.2d 427, 431 (Tenn. 1992). For example, in <u>Limbaugh</u>, the Court found a state-run nursing home's policies "governing the questions of whether and how to discipline combative employees is indeed a policy determination that cannot give rise to tort liability." <u>Limbaugh</u>, 59 S.W.3d at 85. The question of how

9

thoroughly to train officers or discipline them, like the question of how to discipline combative employees in Limbaugh, is a policy determination. Consequently, it receives discretionary function immunity from tort liability under the TGTLA. Therefore, the court GRANTS the City's motion to dismiss the Minors' assault and battery claims.

### 2. **Emotion Distress and Mental Anguish**

Under the TGTLA, a governmental entity is immune from suit for infliction of mental anguish or emotional distress caused by its employees in the scope of employment. T.C.A. § 29-20-205(2). Consequently, the court GRANTS the City's motion to dismiss the Minors' mental anguish and emotional distress claims.

### C. **Punitive Damages Against the City**

The City argues that punitive damages are not recoverable under 42 U.S.C. § 1983 or state law. The Supreme Court has held that municipalities are immune from punitive damages. City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981). Therefore, the City's motion to dismiss the claim for punitive damages is GRANTED.

### **VI. Conclusion**

For the foregoing reasons, the City's motions to dismiss the the Fourth and Fourteenth Amendment § 1983 claims are DENIED. The City's motions to dismiss the Minors' assault and battery, emotional distress, and mental anguish claims under the TGTLA and

their punitive damages claim are GRANTED.

So ORDERED this 30th day of March 2006.

_____
s/ SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE